# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESUS CORONA GARCIA and JANNET GOMEZ, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-19-166-D ) |
| MATT WHITAKER, Attorney General, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Plaintiffs' Motion to Voluntarily Dismiss pursuant to FED. R. CIV. P. 41(a)(1)(A)(i) [Doc. No. 18]. Although Plaintiffs have filed a motion to dismiss rather than a notice of dismissal, Plaintiffs have an absolute right to dismiss their case without prejudice since Defendants have not served an answer or filed a motion for summary judgment.

FED. R. CIV. P. 41(a)(1)(A)(i) provides for voluntary dismissal of an action by a plaintiff without a court order, subject to certain enumerated exceptions: "[T]he plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." None of the enumerated exceptions apply here. Further, under Rule 41(a)(1)(A), a voluntary notice of dismissal is "'self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required.'" *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (*quoting Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 546

(4th Cir. 1993)).

Accordingly, Plaintiffs' motion to dismiss [Doc. No. 18] is GRANTED. This action is dismissed without prejudice. FED. R. CIV. P. 41(a)(1)(B). The Clerk is directed to close this case forthwith.

**IT IS SO ORDERED** this 12th day of June 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE